# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RACHEL HALLOWS SABBATS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00198 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **HAROLD W. CLARKE, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Rachel Hallows Sabbats, Pro Se Plaintiff; Laura Elizabeth Maughan,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, *Richmond, Virginia, for Defendants.*

The plaintiff, Rachel Hallows Sabbats, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. In the initial Complaint, she alleged that prison officials were violating her constitutional rights by confining her in a male prison despite her transgender status,[1] and by opening and withholding incoming legal mail. Thereafter, Sabbats submitted three separate motions seeking interlocutory injunctive relief – to address privacy problems at Pocahontas State Correctional Center ("Pocahontas"), to receive a court order for gender reassignment surgery, and to be transferred to a detention facility for female inmates. After review of the record, I conclude that these motions must be denied.

---

[1] Sabbats is in the process of transitioning to female through hormone therapy and other measures. Sabbats indicates a preference for female pronouns.

When Sabbats filed this civil action, she was confined at Pocahontas, a prison facility operated by the Virginia Department of Corrections that houses male inmates. Sabbats' first motion, ECF No. 15, indicated that she feared for her safety at Pocahontas. Because of childhood trauma, she believed the shower facilities there did not shield her naked body from the view of other inmates, and because she had heard of another transgender inmate being raped in prison. Because Sabbats did not request a particular court-ordered relief in this motion, I construe it as requesting a transfer away from conditions at Pocahontas.

The record indicates that by October 28, 2021, Sabbats had been transferred to a different state prison facility and was no longer subject to the living conditions of which she complained while at Pocahontas. According, I will dismiss this motion, ECF 15, as moot. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots h[er] claims for injunctive . . . relief with respect to h[er] incarceration there."); *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which [s]he is subjected to the challenged policy or practice, absent a claim for damages, [s]he no longer has a legally cognizable interest in a judicial decision on the merits of h[er] claim.").

Sabbats' remaining motions seeking interlocutory relief, ECF Nos. 30 and 34, request more specific court intervention.  I do not find the facts in the record to warrant these requested interlocutory orders.[2]

A party seeking preliminary injunctive relief must state facts clearly showing "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*  "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with the [Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.

In ECF No. 30, Sabbats asks me to order officials to provide her with sexual reassignment surgery.  Her own submissions indicate that she is receiving medical and mental health treatment related to her present transgender status.  Sabbats also

---

[2] Since filing the motions, Sabbats has also filed an Amended Complaint that is now the operational pleading in this lawsuit.  It clarifies her claim concerning assignment to a male prison and the claim regarding delay of the sexual reassignment surgery she desires.  The defendants have filed dispositive motions, and Sabbats has an opportunity to respond.  Additional information in the Amended Complaint and attached to the defendants' motions, however, does not alter my decision that the interlocutory injunctive relief Sabbats requested in her earlier motions is not warranted.  Rather, these issues raised in her motions are appropriately developed over the normal course of the litigation.

indicates that her medical treatment team is aware of her desire for the surgery that she has asked the court to order. Yet, Sabbats has not presented any medical evidence or professional opinion favoring or recommending an order for *immediate* surgery. Sabbats' mere disagreement with the timing of this complex transformational process as directed by her medical team does not show imminent or irreparable harm she will suffer without the requested court intervention. Nor does her disagreement with the medical professionals show a likelihood of success on the merits of a constitutional claim actionable under § 1983. *See Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188–89 (11th Cir. 1994) ("An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"), *overruled in part by Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002)). For the reasons stated, I cannot find that Sabbats has met the elements of the *Winter* test, and therefore, I will deny this motion.

In another motion, ECF No. 34, Sabbats demands to be transferred to a facility that houses female inmates and to be placed in long-term segregation and/or protective custody. Such prison housing assignments fall squarely within the category of administrative decisions that courts must leave to state prison officials and their professional expertise in maintaining internal security and safety for the inmates in their custody. *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (noting

that the PLRA was enacted, in part, to eliminate "unwarranted federal-court interference with the administration of prisons"). Courts' second-guessing the informed, considered decisions made by prison administrators "would place an undue burden on the administration of institutions . . . and also would restrict unnecessarily the exercise of professional judgment as to the needs of residents." *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982).

As stated, since Sabbats filed this motion, she has been transferred. Moreover, her motion simply does not present facts showing that assignment to a male prison alone places her in imminent danger of suffering irreparable harm. Certainly, she has provided no evidence that in her *current* housing assignment, other inmates engage in activities (such as showering or working) in close proximity to her or that they could come into physical contact with her. Particularly given Sabbats' ongoing care from medical and mental health professionals, I cannot find it appropriate for me to issue an interlocutory injunction requiring a change in Sabbats' housing. For the stated reasons, Sabbats has not presented facts meeting the required factors under *Winter* so as to warrant the extraordinary form of relief she seeks.

In accordance with the foregoing, it is **ORDERED** that the first of Sabbats' motions seeking interlocutory injunctive relief, ECF No. 15, is DISMISSED as moot and her other motions for such relief, ECF Nos. 30 and 34, are DENIED as without merit.

ENTER: December 6, 2021

/s/  JAMES P. JONES
Senior United States District Judge