IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RACHEL HALLOWS SABBATS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00198 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD W. CLARKE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Rachel Hallows Sabbats, Pro Se Plaintiff.*

The plaintiff, Rachel Hallows Sabbats, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging she has been deprived of constitutional rights related to her status as a transgender female housed in a male prison facility. After review of the record, I conclude that Sabbats' most recent motion seeking preliminary injunctive relief must be denied.

Sabbats filed this action in April 2021, alleging (1) an equal protection violation because she is housed in a male prison; (2) an Eighth Amendment prison conditions claim about male officers failing to announce their presence; (3) a medical deliberate indifference claim based on an alleged delay of gender affirmation surgery; and (4) a First Amendment claim concerning incoming mail. By Opinion and Order entered September 12, 2022, I granted the defendants'

dispositive motions and entered Judgment in their favor on these claims. *Sabbats v. Clarke*, No. 7:21CV00198, 2022 WL 4134771, at *1 (W.D. Va. Sept. 12, 2022). That Opinion and Order also denied two of Sabbats' prior motions for interlocutory relief that complained about her being assigned to, and feeling unsafe in, a male prison despite having documentation that identified her as a female. *Id.* at *12-13. I found that the issues raised in these motions were based on after-occurring facts and were unrelated to the underlying claims in the lawsuit. *Id.*

On September 12, 2022, Sabbats mailed to the court her most recent motion seeking interlocutory injunctive relief. The court received and docketed in on September 14, 2022. Like her two prior motions, this submission similarly raises safety concerns based on recent events — an alleged physical assault, a sexual assault, and verbal threats against Sabbats by a male inmate in early September. After review of the record, I conclude that the motion must be denied.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Sabbats fails to show the required relationship between her underlying claims and her request for interlocutory

injunctive relief related to recent events that have allegedly made her feel unsafe. Her current request for court intervention is simply not related to the issues raised in the claims presented in this lawsuit. Accordingly, she is not entitled to the extraordinary relief she seeks, and I must deny her motion.

I recognize the potential risks that a transgender inmate may face in prison. Therefore, I encourage Sabbats to utilize available request forms and grievance procedures to inform prison staff of any circumstances that threaten her safety in any way.[1] However, she did not raise such safety concerns in her Amended Complaint, so they are not part of this lawsuit and cannot be the basis for interlocutory relief in this case.

For the reasons stated, it is **ORDERED** that the motion seeking interlocutory relief, ECF No. 110, is DENIED.

ENTER: October 7, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] I also note that any attempt to amend the current safety claims to this lawsuit would be futile. Sabbats mailed her motion to the court within days of the events at issue and clearly before she had an opportunity to exhaust available administrative remedies under the Virginia Department of Corrections grievance procedures as required before bringing any court action. *See* 42 U.S.C. § 1997e(a).